UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KMM CONSTRUCTION OF FLORIDA,
LLC, a Delaware limited liability
company

      Plaintiff,

v.                                             Case No: 2:18-cv-662-FtM-99MRM

GREAT AMERICAN INSURANCE
COMPANY,

      Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on *sua sponte* review of Defendant Great American Insurance Company's (GAIC) Notice of Removal (Doc. 1). This is a foreclosure action involving KMM and GAIC under Florida Law. (Doc. 1, ¶ 15). Plaintiff KMM Construction of Florida, LLC filed this case in state court on November 3, 2017 (Doc. 2) and served GAIC Notice of Process on September 5, 2018 (Doc. 2). GAIC timely removed this case within 30 days of service on October 5, 2018 (Doc. 1). The Court now directs Defendant to show cause why this Court has diversity jurisdiction.

Federal courts are courts of limited jurisdiction and are obligated to inquire into jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). State law claims can be filed in federal court under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). A removing party bears the burden to establish each party's citizenship at the time of removal. *See, e.g.*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). When there is doubt as to the presence of jurisdiction, the Eleventh Circuit favors remand. *Kilpatrick v. Winfield Sols., LLC*, No. 2:16-cv-472-FtM-99MRM, 2017 WL 1361527, at *1 (M.D. Fla. Apr. 14, 2017) (citing *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

Upon review of the Notice of Removal and Complaint, the Court finds that it is not clear who the parties are to this action are. Within the Complaint, "National Framing, LLC" is referred to as a "Plaintiff" (Doc. 2, ¶ 22) and "Continental Fund" is referred to as a "Defendant" (Doc. 2, ¶ 8). But the Notice of Removal only refers to KMM as "Plaintiff" and GAIC as "Defendant." (Doc. 1). Although "National Framing, LLC" and "Continental Fund" are not noted in the caption of the Complaint or the Notice of Removal, "the caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321 (3d ed. 2017). *See also Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987) (noting that the caption is not determinative of the issue of capacity to be sued). A removing party bears the burden of establishing its right to remove, including notifying the Court which parties

are subjects in the case. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996). And if there are multiple defendants in a case, the removing party bears the burden of proving that all defendants consent to removal. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

For diversity jurisdiction purposes, a limited liability company is a citizen of every state in which one of its members is a citizen. *Rolling Greens*, 374 F.3d at 1022; *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "Citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F. 2d 1396, 1399 (5th Cir. 1974) (internal citations omitted).[2] And "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (internal citations omitted). Each individual member of the LLC must have a different domicile than the place of any opposing party's citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Here, KMM's citizenship is not listed. The Complaint states that "Plaintiff [KMM] is a citizen of Florida and Delaware because . . . it is a Delaware limited liability company with its principal place of business located in . . . Florida." (Doc. 1 at ¶ 4). GAIC does not name the members of KKM's LLC, nor does GAIC identify the domicile of each member. Moreover, if "National Framing, LLC" or "Continental Fund" are parties to this case, their citizenship is also not listed. Thus, it is unclear who the true parties are and their citizenship. Therefore, GAIC has not met its burden to plead subject matter jurisdiction.

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court will grant GAIC an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendant Great American Insurance Company must **SUPPLEMENT** the Notice of Removal as set forth in this Order on or before **October 29, 2018,** to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will result in this case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of October, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record